Filed 5/2/13  In re Martin M. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re MARTIN M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>MARTIN M.,<br><br>      Defendant and Appellant. | G047568<br><br>(Super. Ct. No. DL042308)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Nick A. Dourbetas, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William W. Wood and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Martin M., a minor, contends the juvenile court imposed an unreasonable condition on his probation. We disagree and affirm the judgment against him.

FACTS

On July 16, 2012, appellant admitted allegations contained in a wardship petition that he shoplifted beer and illegally possessed alcohol in May 2011. The admission was part of a negotiated disposition pursuant to which the court declared appellant a nonward and placed him on probation subject to various terms and conditions. (Welf. & Inst. Code, § 725.) The court also ruled appellant could move to withdraw his plea and have the allegations dismissed in six months, in January 2013, if he complied with the terms of his probation and had "no new legal violations."

Two weeks later, on August 1, 2012, a second petition was filed against appellant. The petition alleged appellant tampered with and took personal property from several vehicles. The crimes were alleged to have occurred in June 2012, but they were not brought to the court's attention when it accepted appellant's plea on the first petition the following month. Consequently, they were not factored into the negotiated disposition the court accepted in that matter.

The prosecutor did not want that scenario to repeat itself. While negotiating with the defense on the second petition, he was willing to let appellant remain on probation as a nonward if he admitted the new allegations. And, as before, he was willing to let appellant move to withdraw his plea and seek a dismissal in January 2013 if he complied with the terms of his probation and he had "no new legal violations." This time, however, the prosecutor insisted on defining the term "no new legal violations" to include both future violations of the law and any newly discovered violations that appellant had committed in the past. To that end, the parties' disposition agreement stated appellant could only seek to withdraw his plea if he had no new legal violations, "even predating today."

2

Appellant, his attorney and the prosecutor signed the agreement on September 14, 2012. However, when it was submitted to the court later that day, appellant's attorney objected to the "even predating today" language on the basis it constituted an unreasonable probation condition. The court did not see it that way. Instead, it construed the language as a permissible aspect of the parties' agreement and accepted the agreement as written. Thus, after appellant admitted the allegations contained in the second petition, the court continued him on probation as a nonward and determined he could seek to withdraw his plea in January 2013, so long as he complied with the terms of his probation and no new legal violations, either past or present, came to light prior to that time.

## DISCUSSION

Appellant contends the notion that not only future, but prior violations of the law can doom his probation is anathema to the goal of probation, which is to guide *future* conduct and deter *future* criminality. He sees no rehabilitative purpose being served by conditioning his probation on past behavior because that is not something over which he has any control.

Appellant's argument misses the point. He construes the requirement that he have no new legal violations "even predating today" as a condition of probation. But as the trial court correctly observed, that requirement was actually part of the agreement which allowed appellant to move to withdraw his plea in January 2013. We know this because the agreement about possible plea withdrawal was conditioned on appellant not having any new legal violations *and* complying with the terms of his probation. Use of the conjunction "and" indicates these were separate and distinct preconditions to withdrawal, meaning the language about predated violations was not a component of appellant's probation. It is more accurately read as a guarantee by the minor that he is worthy of lenient treatment because he has not committed other—not yet discovered— crimes. We see nothing inappropriate about a plea bargain that is so conditioned.

3

Moreover, our review of the superior court file shows the trial court denied appellant's request to withdraw his pleas on January 16, 2013.[1] Judging from the file, the denial was not based on any new or newly discovered legal violations, but on the fact appellant tested positive for marijuana five times between August and December 2012. Because the court's decision to deny appellant's motion to withdraw his pleas was based on grounds unrelated to the condition that he have no new legal violations, the condition no longer has any bearing on him. It is simply off the table as far as this case is concerned. Therefore, appellant's challenge to the condition is moot, and there is no basis for granting him relief.

DISPOSITION

The judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.

---

[1] We take judicial notice of the file pursuant to Evidence Code sections 452, subdivision (d) and 459, subdivision (a). (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 306, fn. 2 [appellate court may take judicial notice of subsequent action reflected in superior court records when it helps complete the context of the case].)